RTP:FTB/LZ
F. #2022R00458

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
\* NOVEMBER 19, 2024 \*
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

GARY DSILVA,
    also known as "Pankaj DSilva,"
JONATHAN VELAZQUEZ and
LUIS A. CAMARENA,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 24-CR-471
(T. 18, U.S.C., §§ 371, 666(a)(1)(B),
666(a)(2), 924(d)(1), 981(a)(1)(C),
982(a)(1), 982(b)(1), 1343, 1346,
1956(h), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

Judge Hector Gonzalez
Magistrate Judge Vera M. Scanlon

THE GRAND JURY CHARGES:

## INTRODUCTION TO ALL COUNTS

At all times relevant to this Indictment, unless otherwise indicated:

1.     Organization #1, an entity the identity of which is known to the Grand Jury, was a non-profit organization that provided social services to New Yorkers in need. Among other services, Organization #1 operated numerous homeless shelters across New York City, including in Brooklyn and Queens.

2.     The defendant JONATHAN VELAZQUEZ was the Program Director of Organization #1's Management Information Systems department. One of VELAZQUEZ's job responsibilities was to sign Payment Request Forms and authorize payments to vendors who provided services to Organization #1.

3.     The defendant GARY DSILVA, also known as "Pankaj DSilva," was a Program Manager in Organization #1's Management Information Systems department. Among

other responsibilities, DSILVA oversaw the purchasing and installation of security cameras for the homeless shelters Organization #1 managed.

4.  The defendant LUIS A. CAMARENA was the president of Vendor #1, an entity the identity of which is known to the Grand Jury. Vendor #1 contracted with Organization #1 to provide and install security cameras at various homeless shelters operated by Organization #1.

5.  In or about and between January 2017 and June 2021, the defendants GARY DSILVA and JONATHAN VELAZQUEZ agreed to seek bids from Vendor #1 to provide and install security cameras at homeless shelters operated by Organization #1 and recommend that the contract for those services be awarded to Vendor #1. DSILVA and VELAZQUEZ, together with others, also authorized approximately $1.6 million in payments on behalf of Organization #1 to Vendor #1 in connection with those services.

6.  In exchange, the defendant LUIS A. CAMARENA paid and caused Vendor #1 to pay approximately $395,000 in bribes and kickbacks to the defendant GARY DSILVA, including payments to credit cards and shell entities held in the name of DSILVA and DSILVA's wife. Similarly, CAMARENA paid and caused Vendor #1 to pay more than approximately $108,900 to the defendant JONATHAN VELAZQUEZ, including payments to credit cards held in the name of VELAZQUEZ and VELAZQUEZ's wife.

<u>COUNT ONE</u>
(Conspiracy to Commit Offenses Against the United States)

7.  The allegations set forth in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8.  In or about and between January 2017 and June 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants GARY DSILVA, also known as "Pankaj DSilva," JONATHAN VELAZQUEZ and LUIS A. CAMARENA, together with others, did knowingly and willfully conspire:

    (a) to use one or more facilities in interstate and foreign commerce with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of one or more unlawful activities, to wit: Commercial Bribing in the Second Degree, in violation of New York Penal Law Sections 180.00 and 20.00, and Commercial Bribe Receiving in the Second Degree, in violation of New York Penal Law Section 180.05 and 20.00, and thereafter performed and attempted to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of such unlawful activity, contrary to Title 18, United States Code, Section 1952(a)(3);

    (b) to devise a scheme and artifice to defraud Organization #1 of its intangible right to the honest services of DSILVA and VELAZQUEZ through bribery and kickbacks, to wit: one or more payments to DSILVA and VELAZQUEZ, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Sections 1343 and 1346; and

    (c) DSILVA and VELAZQUEZ, being agents of Organization #1, to corruptly solicit and demand for the benefit of DSILVA and VELAZQUEZ, and accept and agree to accept, and CAMARENA to corruptly give and offer one or more things of value, to wit: United States currency, to one or more persons with intent to influence and reward an agent of an agency receiving federal program funds, to wit: DSILVA and VELAZQUEZ in their official capacities as agents of Organization #1, in connection with business and one or more transactions and series of transactions involving a thing of value of $5,000 or more, while

Organization #1 was in receipt of, in any one year period, benefits in excess of $10,000 under one or more Federal programs involving grants, subsidies, loans, guarantees, insurance and other forms of federal assistance, contrary to Title 18, United States Code, Sections 666(a)(1)(B) and (a)(2).

9. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants GARY DSILVA, JONATHAN VELAZQUEZ and LUIS A. CAMARENA, together with others, did commit and cause the commission of, among others, the following overt acts:

### OVERT ACTS

(a) On or about March 26, 2019, VELAZQUEZ approved a Payment Request Form for a project identified as "Broadway Camera replacement," authorizing $57,470 to be issued by Organization #1 to Vendor #1.

(b) On or about April 29, 2019, DSILVA sent an email to CAMARENA and VELAZQUEZ with the subject, "Broadway." The email stated:

> Total received - $114940 . . .
> Louis should get: - $46763 + $21692 = $68455
> Gary should get: - $1550 + 21692 = $23242
> JV should get: - $1550 + 21692 = $23242 . . .
> Today I will give you another check for $ 57470
> From that $57470
> You will keep: - $10986
> Gary Will get: - $23242
> JV will get: - $23242.

(c) On or about May 3, 2019, CAMARENA caused a payment in the amount of $23,242 to be made to a bank account controlled by DSILVA and DSILVA's wife.

5

(d) On or about May 6, 2019, CAMARENA caused a payment in the amount of $3,242 to be made to a credit card in VELAZQUEZ's name.

(e) On or about December 9, 2019, CAMARENA caused a payment in the amount of $5,500 to be made to a credit card account in the name of VELAZQUEZ's wife.

(f) On or about December 10, 2019, CAMARENA caused a payment in the amount of $8,000 to be made to a bank account controlled by DSILVA and DSILVA's wife.

(g) On or about December 11, 2019, CAMARENA caused a payment in the amount of $2,500 to be made to a credit card account in VELAZQUEZ's name.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
(Honest Services Wire Fraud)

10. The allegations set forth in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

11. In or about and between January 2017 and June 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GARY DSILVA, also known as "Pankaj DSilva," JONATHAN VELAZQUEZ and LUIS A. CAMARENA, together with others, did knowingly and intentionally devise a scheme and artifice to defraud Organization #1 of its intangible right to the honest services of DSILVA and VELAZQUEZ through bribery and kickbacks, to wit: one or more payments to DSILVA and VELAZQUEZ, and for the purpose of executing such scheme and artifice, the defendants, together with others, transmitted and caused to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds, to wit: (i) an email dated December 5, 2019 from DSILVA to himself attaching a document called "LARCAM Account

Transactions 2019-12-05-17 47.pdf" and (ii) a payment from Vendor #1 on or about December 10, 2019 for $8,000 to a bank account for a company that was controlled by DSILVA and his wife.

(Title 18, United States Code, Sections 1343, 1346, 2 and 3551 et seq.)

## COUNT THREE
(Federal Program Bribery)

12. The allegations set forth in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

13. In or about and between January 2017 and June 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GARY DSILVA, also known as "Pankaj DSilva," and JONATHAN VELAZQUEZ, being agents of an organization, together with others, did knowingly, intentionally and corruptly solicit and demand for the benefit of DSILVA and VELAZQUEZ, and accept and agree to accept, one or more things of value, to wit: United States currency, from one or more persons, to wit: LUIS A. CAMARENA and others, intending to be influenced and rewarded in connection with business and one or more transactions and series of transactions of Organization #1 involving things of value of $5,000 or more, while Organization #1 was in receipt of, in any one year period, benefits in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of federal assistance.

(Title 18, United States Code, Sections 666(a)(1)(B), 2 and 3551 et seq.)

## COUNT FOUR
(Federal Program Bribery)

14.  The allegations set forth in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

15.  In or about and between January 2017 and June 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LUIS A. CAMARENA, together with others, did knowingly, intentionally and corruptly give, offer and agree to give one or more things of value, to wit: United States currency, to one or more persons with intent to influence and reward, to wit: GARY DSILVA, also known as "Pankaj DSilva," and JONATHAN VELAZQUEZ in their official capacity as agents of Organization #1, in connection with business and one or more transactions and series of transactions of Organization #1 involving things of value of $5,000 or more, while Organization #1 was in receipt of, in any one year period, benefits in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance.

(Title 18, United States Code, Sections 666(a)(2), 2 and 3551 et seq.)

## COUNT FIVE
(Money Laundering Conspiracy)

16.  The allegations set forth in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

17.  In or about and between January 2017 and June 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GARY DSILVA, also known as "Pankaj DSilva," and JONATHAN VELAZQUEZ, together with others, did knowingly and intentionally conspire to engage in one or more

monetary transactions, to wit: deposits, withdrawals, transfers and exchanges of funds and monetary instruments, in and affecting interstate and foreign commerce, by, though and to one or more financial institutions, in criminally derived property of a value greater than $10,000 and derived from one or more specified unlawful activities, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, contrary to Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

18. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any other criminal law of the United States.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS TWO THROUGH FOUR

20.     The United States hereby gives notice to the defendants charged in Counts Two through Four that, upon their conviction of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

21.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT FIVE

22. The United States hereby gives notice to the defendants charged in Count Five that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

11

property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____s/_____
FOREPERSON

By David Pitluck, Assistant U.S. Attorney
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

Type text here